PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAMELA OTIS, <br> obo Rashee L. Sanders, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. 1:09cv450 <br><br> JUDGE POLSTER <br><br> MAGISTRATE JUDGE PEARSON <br><br><br> **REPORT AND RECOMMENDATION** |

## I. Introduction

On March 19, 2009, the above referenced matter was referred to this Court for the preparation of a report and recommendation pursuant to Local Rule 72.2. Before the Court is the parties Joint Notice of Voluntary Dismissal Without Prejudice.[1] ECF No. 13.

## II. Procedural History

Plaintiff Pamela Otis, obo Rashee L. Sanders (her minor son), filed a complaint on February 27, 2009. ECF No. 1. The Commissioner of the Social Security Administration ("Commissioner") answered on May 22, 2009. ECF No. 10. In advance of Otis filing her brief on the merits, Counsel for Otis and the Commissioner jointly filed the instant notice to dismiss

---

[1] The notice pending before the Court does not specifically mention Rule 41(a) of the Federal Rules of Civil Procedure. The Court presumes this rule is the basis for the joint notice to voluntarily dismiss.

(1:09cv450)

the case without prejudice. ECF No. 13.

### III. Discussion

Plaintiffs are permitted to dismiss pursuant to Fed.R.Civ.P 41(a)(1)(A)(i) prior to defendants filing either an answer or motion for summary judgment. The Sixth Circuit has held that when dismissals are filed in this manner, "the court has no discretion to deny such a dismissal. However, once the defendant files an answer or motion for summary judgment, plaintiff loses this right." Aamot v. Kassel, 1 F.3d 441, 443 (6th Cir. 1993) (internal citation omitted). Otis has lost this right because she filed the notice of dismissal on July 23, 2009, after the Commissioner had already filed his answer on May 22, 2009. Accordingly, Rule 41(a)(1)(A)(i) does not apply.

Once the defendant has filed an answer, dismissal is permissible without order of court only after all the defendants who have "appeared" stipulate to the dismissal. *See* Fed.R.Civ.P 41(a)(1)(A)(ii). Pursuant to Rule 41(a)(1)(A)(ii), "as a general rule a stipulation should not be construed as a stipulation that disposes of the entire case unless there is an unequivocal statement by the parties that is was so intended." *Vuitton et Fils, S.A. v. J. Young Enterpriese, Inc.*, 609 F.2d 1335, 1337 (9th Cir. 1979); *see also Green v. Nevers*, 111 F.3d 1295 (6th Cir. 1997) (holding that a stipulation that did not contain the signature of every party with an interest in the outcome of a case was not valid to dismiss by stipulation).

In this matter, because counsel for Otis and counsel for the Commissioner have both signed the Notice of Dismissal, every party with an interest in the outcome of the case has signed the Notice. Accordingly, the Court finds that the Joint Notice of Voluntary Dismissal Without

(1:09cv450)

Prejudice is valid and technically is "self-executing and does not require judicial approval." *Green*, 111 F.3d at 1301.

### IV. Recommendation

Having found no basis upon which the Court should prohibit dismissal of the Complaint of Pamela Otis, obo Rashee L. Sanders, the undersigned recommends that the Complaint in the above-captioned matter be dismissed, pursuant to the Joint Notice of Voluntary Dismissal Without Prejudice.

The matter is terminated from the docket of this Court.

| | |
|---|---|
| July 24, 2009 | s/ *Benita Y. Pearson* |
| Date | United States Magistrate Judge |

### OBJECTIONS

Objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).